Bell, J.
The finding of the Court of Appeals has necessitated a complete review of the evidence offered at the trial of this cause.
Well over half of the testimony offered by both the state and the defendant was concerned with the finding of a fingerprint at the scene of the breaking and entering and with a dissertation on fingerprinting and identification therefrom in general, and there was conflicting evidence as to the identification of the fingerprint as that of the defendant. This fingerprint, along with a palm print, was found on the north wall of the second floor of the store, eight to ten feet above the level of the floor and just below a skylight through which entry had apparently been made by breaking a pane of glass.
From the rest of the testimony the following uncontradicted facts appear: (1) The hardware store in question was closed from approximately noon on one day until approximately 8 a. m. on the following morning; (2) neither the owner nor any employee of the store was in the store between those hours; (3) upon reopening the store in the morning a skylight was found to be broken; (4) certain of the hardware store inventory was discovered to be missing; (5) the skylight found to have been broken was plainly visible from the higher placed windows of an adjoining office building; and (6) on June 9, the day of the breaking and entering, the defendant performed his régularly assigned cruiser duty between 8 a. m. and 4 p. m.
The trial judge carefully and properly charged on the night-season element of the crime as follows:
“Further, the. state must prove to you by the same degree of evidence, that is, beyond a reasonable doubt, that the defendant forcibly broke and entered said building as has been said, in the night season. By the term ‘night season’ is meant that period of ■ time intervening between the • termination of daylight in the evening to the earliest dawn of the following morning; that period of time from the setting of the sun in the evening to the rising of the sun in the morning, when the face of man is no longer discernible.”
He likewise carefully and properly charged on circumstantial evidence as follows:
“In any case the evidence may be either direct or circum *313 stantial or both. If a witness testifies from his own observation to the commission of an act or to the existence of a fact, that is direct evidence. But it is not always possible to ascertain the truth by evidence of this character and, hence, the law permits the introduction of what is called circumstantial evidence. By ‘circumstantial evidence’ is meant proof of certain facts and circumstances by direct evidence from which a jury may infer other connected facts, which usually and reasonably follow according to the common experience of mankind. U# * *
‘ ‘ Circumstantial evidence alone, when it satisfies the minds of the jury beyond a reasonable doubt, is sufficient to warrant a conviction; but to justify a conviction on circumstantial evidence alone, the circumstances should not only be consistent with the defendant’s guilt, but they must be inconsistent with any other reasonable conclusion and such as to leave no reasonable doubt in the minds of the jury of the defendant’s guilt.
“It is not necessary, however, that each of such circumstances standing alone be sufficient to warrant conviction. If there be a number of different circumstances which, taken together, cannot be explained on any reasonable hypothesis other than the defendant’s guilt, and if, in view of all the circumstances, the jury is convinced beyond a reasonable doubt of his guilt, then you would be justified in finding him guilty.”
Was the trial court justified in permitting the jury, guided by these instructions, to draw, not only from the established facts and circumstances surrounding the offense but also from the common experience of mankind, an inference that the breaking and entering occurred in the night season? The majority of this court believes the answer should be in the affirmative.
Only the most crass of those bent on crime would intentionally commit an illegal act at a time when and in a place where detection would be almost inevitable. And one bent on burglary requires time not only to effectuate an entrance and carry out his activities in the building, but he needs also time in which to assure his departure from the scene without being observed and apprehended. A jury has the right to apply this common experience of mankind to the determination of the time when the breaking and entering was committed. It was within the *314 province of the jury here to conclude that the defendant worked under the cover of darkness, and the facts developed and circumstances surrounding the commission of the offense were such that it could logically conclude that the defendant did so operate. See State v. Butler, 57 Ohio Law Abs., 385, 94 N. E. (2d), 457; State v. Richards, 29 Utah, 310, 81 P., 142.
Having concluded that there was sufficient evidence to support the finding of guilty by the jury of breaking and entering in the night season, it is unnecessary to discuss the question of whether breaking and entering in the day season is an included offense in breaking and entering in the night season.
The judgment of the Court of Appeals is, therefore, reversed, and that of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Taet, Radclife and O’Neill, JJ., concur.
Zimmerman and Matthias, JJ., dissent.
Radclife, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.